IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL W. LYTLE,

    Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

Case No. 2:18-cv-529
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On December 27, 2018, the Magistrate Judge issued a Report and Recommendation recommending that the Petition for a writ of habeas corpus be dismissed. (ECF No. 14.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 17.) Pursuant to 28 U.S.C. § 636(b), the Court has conducted a *de novo* review. For the reasons that follow, Petitioner's Objection (ECF No. 17) is **OVERRULED**. The Report and Recommendation (ECF No. 14) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

**Facts and Procedural History**

Petitioner challenges his convictions after a jury trial in the Franklin County Court of Common Pleas on conspiracy to commit murder, aggravated burglary, abduction, and violation of a protective order. He asserts that he was denied his right to a speedy trial, that the evidence is constitutionally insufficient to sustain his convictions, and that he was denied the effective assistance of appellate counsel. The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit.

Petitioner objects to the recommendation of dismissal of claims as procedurally defaulted based on his failure to file a timely appeal in the Ohio Supreme Court. As cause for this procedural default, Petitioner states that he submitted his documents with prison officials for mailing on November 17, 2017, three days prior to the November 20, 2017 filing deadline, but prison officials failed to timely mail his legal documents to the Ohio Supreme Court. Petitioner complains that the prison rules fail to establish an adequate time line for the mailing of time-sensitive legal material. He has attached a copy of a complaint he apparently submitted with prison officials in support of this allegation. (*Appendix A*, ECF No. 17, PAGEID # 1680.) That document indicates that prison officials rejected Petitioner's grievance about the untimely mailing of legal material. Specifically, Petitioner complained that, on November 20, 2017, he placed his discretionary appeal to the Ohio Supreme Court in the prison's mailbox, but that it was returned to him by the Clerk of the Ohio Supreme Court, because it was not received until December 1, 2017, after the due date for filing.

Nonetheless, Petitioner has failed to establish cause for his procedural defaults. He waived claims one and two by failing to file a timely appeal of the appellate court's March 26, 2015, decision denying his claims to the Ohio Supreme Court. On May 1, 2017, he filed a motion for delayed appeal. (ECF No. 7, PAGEID # 403.) On June 21, 2017, the Ohio Supreme Court denied the motion for a delayed appeal. *State v. Lytle*, 149 Ohio St.3d 1430 (Ohio 2017). Additionally, Petitioner waived his claims of the denial of the effective assistance of appellate counsel by failing to file a timely Rule 26(B) application.[1] Thus, the record does not indicate

---

[1] Petitioner also failed to file a timely appeal of the appellate court's decision to the Ohio Supreme Court.

2

that Petitioner can establish cause for this procedural default based on the prison's untimely delivery of legal material in November 2017.

For these reasons and the reasons detailed in the Magistrate Judge's Report and Recommendation, Petitioner's Objection (ECF No. 17) is **OVERRULED**. The Report and Recommendation (ECF No. 14) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, —U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1) (requiring a habeas petitioner to obtain a certificate of appealability in order to appeal).

When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

3

The Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claims. The Court therefore **DECLINES** to issue a certificate of appealability.

The Court certifies that the appeal would not be in good faith and that an application to proceed *in forma pauperis* on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

                                                 2-22-2019

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**