# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

DANIEL W. LYTLE,

    Petitioner,

v.

WARDEN, PICKAWAY
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:18-cv-529
Chief Judge Edmund A. Sargus, Jr.
Magistrate Judge Chelsey M. Vascura

## ORDER

On February 22, 2019, Judgment was entered dismissing the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and declining to issue a certificate of appealability. (ECF No. 19.) Petitioner has filed a Motion to Stay and Hold in Abeyance Notice of Appeal/Application for Certificate of Appealability. (ECF No. 20.) For the reasons that follow, Petitioner's request for an extension of time for the filing of a Notice of Appeal (ECF No. 20) is **DENIED**.

Fed.R.App.P. 4(a)(1)(A) provides that an appeal must be filed within thirty days after entry of the judgment or order being appealed. This time period is mandatory and jurisdictional. *See Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415-16 (6th Cir. 2010) (citations omitted). Under Appellate Rule 4(a)(5), a district court may, in its discretion, extend the time for filing a notice of appeal if the appellant moves no later than thirty days after the expiration of the time prescribed by Rule 4(a) and the party shows either excusable neglect or good cause. Fed.R.App.P. 4(a)(5)(A). "Good cause will be found where forces beyond the control of the appellant prevented [him] from filing a timely notice of appeal." *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006) (citation omitted). " 'Excusable neglect' applies in situations

where there is fault on the part of the party, occasioned by something within their control." *Jackson v. United States*, Nos. 1:10-cv-4; 1:00-cr-23, 2011 WL 3300368, at *2 (E.D. Tenn. Aug. 1, 2011). "The standard is strict and can be met only in extraordinary cases." *Id.* (citing *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989)). Petitioner does not allege, and the record does not reflect, that any excusable neglect. Petitioner instead seeks an extension of time for good cause and based on his placement in the Frazier Health Care Unit due to medical health issues that are "beyond his control." (ECF No. 20, PAGEID # 1690.) He states that "he is a cancer survivor with other health problems that are life threatening." (*Id.*)

However, Petitioner has provided no further details indicating that he has been unable to timely file a Notice of Appeal based on his medical issues or placement in the Frazier Health Care Unit. Under these circumstances, he has failed to establish good cause for an extension of time for filing the Notice of Appeal. *See Nicholson*, 467 F.3d at 526 (While a lengthy incapacitating illness might constitute good cause, no good cause found where the petitioner provided no details regarding his medical treatment indicating that he could not file a timely appeal); *Proctor v. Northern Lakes Community Mental Health*, 560 F. App'x 452, 457 (6th Cir. 2014) (no good cause where the petitioner did not allege that her medical condition precluded her from filing a timely appeal).

Therefore, Petitioner's Motion to Stay and Hold in Abeyance Notice of Appeal/Application for Certificate of Appealability (ECF No. 20) is **DENIED.**

**IT IS SO ORDERED.**

3-18-2019
EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE

2